UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


APPLIED BUILDING TECHNOLOGIES, INC.,
doing business as APPLIED BUILDING
TECHNOLOGIES, a Michigan Corporation,

    Plaintiff,

-vs-

Case No. 09-11152
Hon: AVERN COHN

SCHNEIDER ELECTRIC, d/b/a PELCO, INC.,
a French Corporation, and JOHN DOES 1-10,

    Defendants.

_____/


**MEMORANDUM AND ORDER GRANTING DEFENDANT PELCO'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**


**I. INTRODUCTION**

This is a contract case. Plaintiff Applied Building Technologies Inc. (ABT) is a Michigan corporation that sells and installs security surveillance systems. ABT entered into a contract with defendant Pelco, Inc. (Pelco), a California corporation, to purchase video security equipment.[1] ABT claims that Pelco breached the contract by supplying defective equipment. ABT alleges that it suffered damages of approximately $180,000 correcting the defects. The complaint includes a single count of breach of contract. Pelco counterclaims, alleging that ABT failed to pay for the video security equipment

---

[1] ABT filed this suit against Schneider Electric d/b/a Pelco, Inc. and John Does 1-10. The parties agree that Schneider Electric is a French Corporation, but Pelco denies that it is a wholly owned subsidiary of Schneider Electric. Pelco admits that it is the proper defendant because it is a party to the contract with ABT.

that is the subject of this dispute.

Now before the Court is Pelco's motion for partial summary judgment.[2] Pelco asserts that the parties' rights under the contract are governed by the Warranty and Return Policy which limits liability to the price paid by ABT. Ordinarily the Court would schedule this matter for hearing. Upon review of the Pelco's papers, however, the Court finds that oral argument is not necessary. <u>See</u> E.D. Mich. LR 7.1(e)(2). For the reasons that follow, Pelco's motion will be granted.

## II. FACTS AND PROCEDURAL HISTORY

### A.

On June 18, 2003 Pelco and ABT entered into a contract entitled a Dealer/Systems Integrator Agreement. Under the contract, Pelco agreed to sell video security equipment to ABT. The contract included two provisions which are relevant to this suit. The first provision is a choice of law clause which states: "This agreement shall be governed and interpreted by the laws of the State of California. The second provision is a limitation of liability clause:

> Pelco assumes no risk and shall be subject to no liability for damages of loss resulting from the specific use or application made of the Products. Pelco's liability for any claims, whether based on breach of contract, negligence, infringement of any rights of any part or product liability, relating to the product shall not exceed the price paid by [ABT] to Pelco for such products. In no event will Pelco be liable for any special, incidental or consequential damages (including loss of use, loss of profit, and claims of third parties) however caused, whether by the negligence of Pelco or otherwise.

---

[2]Pelco also seeks attorneys' fees and costs incurred in bringing this motion. The Court does not consider an award of fees appropriate under the circumstances, and to this extent Pelco's motion will be denied.

**B.**

In 2007 ABT was awarded a contract to install a video/security surveillance system at The Mall at Partridge Creek in Clinton Township, Michigan (Partridge Creek Mall). Pursuant to the contract with Pelco, ABT purchased approximately $70,000 in hardware and software and installed it at the Partridge Creek Mall. ABT alleges that the hardware and software was sold as "plug-and-play" with no programming required.

During installation the Partridge Creek Mall reported problems with the surveillance system. ABT alleges that the problems were due to equipment defects rather than installation error. ABT was forced to send workers to the Partridge Creek Mall to correct the equipment defects. ABT alleges that its personnel spend an additional 1300 hours correcting the defects at a cost of $180,000.

ABT admits that it did not pay Pelco for the equipment that was installed at the Partridge Creek Mall.

**C.**

ABT filed this action in Michigan state court on February 19, 2009. On March 27, 2009 Pelco removed the case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1332. On April 3, 2009 Pelco answered the complaint and filed a counterclaim against ABT for the cost of the equipment.

On October 27, 2009 Pelco filed this motion for summary judgment. On December 1, 2009 the Court issued an order requiring ABT to file a response to Pelco's motion on or before December 18, 2009. ABT has not filed a response.

**III. STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence submitted shows that

"there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a). Accordingly, the movant bears the initial responsibility of informing the court of the basis for its motion, and identifying what it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a motion for summary judgment is properly made and supported, an opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). All facts and inferences should be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970).

## IV. ANALYSIS

### A. Applicable Law

**1.**

Before addressing the substance of Pelco's motion, the Court must determine the applicable law. Because ABT's breach of contract claim is before the Court due to diversity, Michigan's substantive law must be applied. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). Michigan enforces choice of law clauses in contract actions unless certain exceptions are met. Chrysler Corp. v. Skyline Industrial Services, Inc., 448 Mich. 113, 126 (1995). The first exception occurs when "the chosen state has no substantial relationship to the parties or the transaction, or there is no reasonable basis for choosing that state's law." Id. The second exception occurs when the chosen state's law is contrary to a fundamental policy of a state which has a materially greater interest than the chosen state

and whose law would be applied in the absence of the choice of law clause. Id.

**2.**

Pelco asserts that California law should be applied because the parties' contract includes a choice of law clause selecting California law. California has a substantial relationship to Pelco because it is a California corporation and is located in California. Therefore the first exception is inapplicable.

The only state other than California with in an interest in this case is Michigan. ABT has not asserted that the application of California's law would violate any fundamental policy of Michigan. Further, there is no reason to suggest that Michigan has a materially greater interest in the case. The Partridge Creek Mall was made whole when ABT corrected the defects. Therefore Michigan cannot assert an interest based on the safety of the patrons of the Partridge Creek Mall. The case only involves the allocation of loss between a California manufacturer and a Michigan retailer, suggesting that each state would have an equal interest in protecting the interests of its resident corporation. Because neither of the exceptions that negate choice of law clauses apply, the Court will enforce the parties' contract and apply California law.

**B. Limitation of Liability Clause**

**1.**

Under California law, commercial entities may contract to limit liability or otherwise allocate the risk of doing business. Phillipine Airlines, Inc. v. McDonnell Douglas Corp., 189 Cal. App. 3d 234, 237 (1987) (citing Cal. U. Com. Code § 2316(2), (4)). However, "contractual clauses seeking to limit liability will be strictly construed and any ambiguities resolved against the party seeking to limit its liability for negligence." Id.

Some California courts have required that the parties "negotiate[e] and expressly agree[]" to any limitation of liability. <u>Markborough California Inc. v. The Superior Court of Riverside County</u>, 227 Cal. App. 3d 705, 709-10 (1991). However, "all that can be reasonably required for 'negotiation' is a fair opportunity for both parties to accept, reject, or modify the other's offers or demands." <u>Id.</u> at 714. In <u>Markborough</u>, the court found sufficient negotiation when a limitation of liability clause was included in fine print in a standard form of agreement and was not expressly discussed by the parties. <u>Id.</u> at 709. So long as a contracting party has an opportunity to reject a contract if it objects to a limitation of liability clause, there is sufficient negotiation to enforce the clause.

**2.**

Pelco asserts that it freely negotiated the limitation of liability clause with ABT to exclude liability for consequential damages and limit liability for direct damages to the price that ABT paid for any defective equipment. For the purposes of this motion, Pelco assumes that it was responsible for the alleged defects in the equipment installed at Partridge Creek Mall.

The limitation of liability clause included in this contract is not ambiguous. First, the contract states that "[i]n no event will Pelco be liable for any special, incidental, or consequential damages." This language clearly limits the scope of damages that can be sought by ABT. Second, the contract limits direct damages, whether based on breach of contract or negligence, to "the price paid by [ABT] to Pelco for such products." ABT has styled its compliant as one for breach of contract, but even if it were construed to include a claim of negligence, the clause would apply. The clause clearly limits Pelco's liability to the price that ABT paid for the goods.

There is no assertion that this was an adhesion contract or that ABT was not free to reject the contract or negotiate its terms. Because the contract is unambiguous and was freely negotiated, the limitation of liability clause is valid under California law.

**3.**

Based on the analysis above, the Court finds that ABT is not entitled to any damage award exceeding the purchase price paid for the equipment. Because ABT has not yet paid for the allegedly defective goods, it is not entitled to any recovery. However, ABT may be entitled to an offset if it is found liable with respect to Pelco's counterclaim.

## V. CONCLUSION

For the reasons stated above, Pelco's motion for partial summary judgment with respect to ABT's entitlement to consequential damages and direct damages in excess of the purchase price is GRANTED. Pelco's motion for fees and costs is DENIED.

SO ORDERED.

                                             S/Avern Cohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2010, by electronic and/or ordinary mail.

                                             S/Julie Owens
                                             Case Manager, (313) 234-5160